Joseph P. Kuszynski, J.
The issue posed by this declaratory judgment action concerns construction of an agreement establishing a noncontributory employees’ pension plan dated April 1, 1966 entered into by defendant, The Flintkote Company (Flintkote) and United Auto Workers Local 66, the recognized representative at the time of the employees of defendant’s plant in Lockport, New York.
The pension plan as adopted contains this key paragraph which is the basis of the underlying dispute before this court:
"Deductions for Workmen’s Compensation and Disability Benefits
"In the event any employee included in the Plan entitled to a benefit pursuant to this Plan is, or shall become, or upon application would become, entitled to any annuity, pension or payment of similar kind from any source or fund other than under this Plan and Social Security to which source or fund the Company shall have directly or indirectly contributed then the amount of benefit payable to such employee hereunder shall be reduced by the amount of such other payments attributable to the Company contributions as are paid or payable to him or that upon application would become payable to him during the time any benefit is payable hereunder.”
There being no dispute on any factual issue both parties have moved for summary judgment.
Plaintiff Stanley Kowalczyk (Kowalczyk) an employee of Flintkote sustained a serious injury on February 12, 1968 and thereby ended approximately 23 years of employment with Flintkote. He filed a workmen’s compensation claim and received the benefits thereunder until March, 1975 when pursuant to his request a lump-sum settlement was agreed to by Flintkote in the amount of $15,000 of which $1,500 was awarded to his attorney. Immediately thereafter, he made application to defendant for monthly retirement benefits of approximately $106 per month. Flintkote denied his request and refuses to pay him any retirement benefits until July 1, 1986, when it contends, an amount equal to the lump-sum settlement had been paid back by charging off the amount *64 Kowalczyk was entitled to receive as a monthly retirement benefit.
Kowalczyk brings this action to interpret the cited key paragraph so as to entitle him to receive the pension benefits immediately. He contends the contractual provision is ambiguous and that the ambiguity must be resolved against the maker of the contract. In what both sides admit is a case of first impression in New York, Kowalczyk relies on Russell v Bankers Life Ins. Co. (46 Cal App 3d 405), which excluded under similar circumstances a lump-sum payment under the workmen’s compensation act upon the grounds of ambiguity.
Flintkote on the other hand, contends the scheme of wage-loss legislation is to restore to the worker a portion of V% to % of the wages lost because of the three major causes of wage loss: physical disability, economic unemployment and old age. Since the essence of these employee protective enactments is wage loss, the cause of the wage loss dictates the category of the legislation applicable. Flintkote submits if a worker undergoes a period of wage loss due to all three conditions, that it does not follow he is entitled to all three sets of benefits simultaneously and thereby recover more than his actual wage. "He is experiencing only one wage loss, and in any logical system, should receive only one wage-loss benefit”.
Kowalczyk counters that this issue is not before the court, but distinctly whether the contract clause in issue bars such cumulative benefits.
This court concludes that the amount received under a lump-sum settlement of a workmen’s compensation claim was not contemplated by the language used in the collectively bargained agreement to be an "annuity, pension or payment of similar kind”, which would reduce an employee’s monthly retirement benefit.
Summary judgment is to be entered in favor of the plaintiff Stanley Kowalczyk which will grant him his monthly retirement benefits retroactively to the date of his eligibility together with interest thereon from the dates due.