■ STANLEY KOWALCZYK, Respondent, v FLINTKOTE COMPANY, Appellant.—Judgment unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: We reverse the summary judgment granted at Special Term which ordered defendant, Flintkote, to pay plaintiff, Kowalczyk, a monthly retirement benefit and, in this litigation over the meaning of the language contained in a collective bargaining agreement, direct that a trial of such issue of fact raised by the motions for summary judgment be held (CPLR 3212, subd [c]). On February 12, 1968 plaintiff, Stanley Kowalczyk, was injured while in the employ of defendant, the Flintkote Company. As a result of the accident plaintiff filed a workmen's compensation claim and on March 13, 1975 received a lump-sum net settlement of $13,500. Thereafter plaintiff made application to defendant for monthly old-age retirement benefits. Defendant denied the application asserting that the plaintiff is not entitled to such benefits until July 1, 1986 when an amount equal to the workmen's compensation lump-sum settlement already paid to plaintiff will have been offset by the amount plaintiff would have been entitled to receive from defendant as a monthly retirement benefit. Defendant's retirement plan, agreed to by plaintiff's union, provides that the payment of pension benefits by defendant is subject to a setoff for benefits for benefits received by the employee. The pertinent provision is found in the following paragraph: *"Deductions for Workmen's Compensation and Disability Benefits.* In the event any employee included in the Plan entitled to a benefit pursuant to this Plan is, or shall become, or upon application would become, entitled to any annuity pension or payment of similar kind from any source or fund other than under this Plan and Social Security to which source or fund the Company shall have directly or indirectly contributed then the amount of benefit payable to such employee hereunder shall be reduced by the amount of such other payments attributable to the Company contributions as are paid or payable to him or that upon application would become payable to him during the time any benefit is payable hereunder." Special Term interpreted this clause to mean that the employer could not set off workmen's compensation benefits paid to the employee in a lump-sum settlement and granted summary judgment to plaintiff. We do not agree with that conclusion. A lump-sum payment and periodic compensation

payments are to be treated the same. The Legislature has recognized the usefulness of lump-sum settlements by authorizing their use in appropriate cases and courts should not inhibit such settlements by penalizing an employer who agrees to one. Such agreements are voluntary and the nature of the benefit is the same whether the parties choose to have the benefits paid all at once or periodically. However, the question presented on this appeal is whether plaintiff's receipt of workmen's compensation is "any annuity pension or payment of similar kind" comparable to benefits due under a private bargained for old-age pension so that the employer may reduce the private pension benefits by the amount received from workmen's compensation. In that connection we perceive an ambiguity between the express language of the paragraph's heading, *"Deductions for Workmen's Compensation and Disability Benefits"*, and the above-quoted phrase contained in the body of the paragraph. Where, as here, the language in a contract is subject to varying interpretations, it is appropriate to have a hearing for the purpose of establishing the intention of the parties to this agreement. (Appeal from judgment of Erie Supreme Court—declaratory judgment). Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ. [91 Misc 2d 62.]